UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JERRY SOMERSET,**<br><br>         **Plaintiff,**<br><br>    v.<br><br>**UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY,**<br><br>         **Defendant.** | Civ. Nos. 22-1021 (KM) (CLW)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

Jerry Somerset filed this action initially in the United States District Court for the Eastern District of New York. (DE 1.) It was quickly transferred to this Court. (DE 4.)[1] Mr. Somerset alleges that he lost his eyesight as a result of the actions of the defendant in 2004, well outside the statute of limitations period. I have granted Mr. Somerset's motion to be granted *in forma pauperis* ("IFP") status (DE 6) but now dismiss his complaint upon initial screening pursuant to 18 U.S.C. § 1915(e).

## I.   The Applicable Standard

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding IFP. *See* 28 U.S.C. § 1915(e)(2)(B). The provisions of § 1915(e) apply to all IFP complaints, not only those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are

---

[1]     Mr. Somerset has filed four other cases in this District. All were dismissed, two of them at the initial screening stage. *Somerset v. The State of New Jersey et al*, 17-cv-00993-KM-JBC; *Somerset v. Partners Pharmacy LLC, et al*, 19-cv-19707-KM-JBC; *Som*erset *v. City of East Orange New Jersey et al*, 21-cv-12486-KM-ESK; *Somerset v. Partners Pharmacy, LLC*, 20-cv-02297-KM-ESK.

"clearly within the scope of § 1915(e)(2)"). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

**II.     Background**

The complaint alleges that in 2004, Mr. Somerset underwent LASIK surgery on his right eye at the University of Medicine and Dentistry of New Jersey's Ophthalmology Department. This procedure, he alleges, left him blind in his right eye. (DE 1 at 4.) He asserts claims under some combination of the Americans with Disabilities Act of 1990 ("ADA") and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). (*Id.* at 4.) I also construe his complaint liberally as asserting a state law claim of medical malpractice. Mr. Somerset seeks $40,000,000 in compensation for "the cover up that caused me stress, mental strain, vision Issues, searching for answers." (*Id.* at 3-4.)

**III.    DISCUSSION**

**A. Statute of Limitations and Private Right of Action**

Mr. Somerset's claims were filed well outside the statute of limitations period for ADA and medical malpractice claims. In addition, HIPAA does not provide a private right of action. Mr. Somerset's claims must therefore be dismissed upon initial screening.

I may dismiss a claim under 12(b)(6) when there is a time bar, so long as "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Muha v. Rutgers, State Univ. of New Jersey*, No. CIV. A. 08-2142 FLW, 2009 WL 689738, at *3 (D.N.J. Mar. 11, 2009) (quoting *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

Because the ADA does not contain a statute of limitations, courts generally apply a state's personal injury statute of limitations. *Foster v. Morris*, 208 F. App'x 174, 177 (3d Cir. 2006). The New Jersey statute of limitations for personal injury cases, and thus for ADA claims, is two years. *Muha*, 2009 WL 689738, at *4. The face of Mr. Somerset's complaint, filed on February 14, 2022, reveals that it is concerned with events that took place in 2004,

3

approximately 18 years ago. Mr. Somerset's claims are therefore time-barred and must be dismissed.

Medical malpractice actions, too, must be commenced within two years after the cause of action accrued. *Fearon v. Corr. Med. Servs., Inc.*, No. A-4686-07T3, 2009 WL 395473, at *2 (N.J. Super. Ct. App. Div. Feb. 19, 2009) (citing N.J.S.A. 2A:14-2). The statute of limitations in medical malpractice can be tolled by the "discovery rule." In short, the rule "provides that in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he [or she] may have a basis for an actionable claim." *Szczuvelek v. Harborside Healthcare Woods Edge*, 182 N.J. 275, 281 (2005) (quoting *Lopez v. Swyer*, 62 N.J. 267, 272 (1973)). As discussed in the previous paragraph, Mr. Somerset's claims were clearly filed far more than two years after his allegedly failed LASIK surgery. In addition, there is no indication that he did not discover his blindness until February 14, 2020, *i.e.*, two years before filing this case. The complaint indicates that his vision never returned after the surgery, so he was must have been aware of his injury within a few months at most. (DE 1 at 4.) What is more, Mr. Somerset's blindness has featured prominently in lawsuits he filed in this court dating back to 2017. (*See, e.g.*, *Somerset v. State of New Jersey*, 17-cv-00993-KM-JBC, docket entry 1 at 5.) It is undisputed that Mr. Somerset discovered his blindness by 2017 at the very latest and thus this action is untimely and must be dismissed.

Finally, it is well-established that HIPAA does not provide a private right of action for patients. *Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718, 721 (E.D. Pa. 2011) (citing *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir.2010); *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir.2007); *Acara v. Banks*, 470 F.3d 569 (5th Cir.2006)). Mr. Somerset cannot, therefore, maintain a cause of action under HIPAA.

As Mr. Somerset cannot maintain a cause of action under any of his three claims, his complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, on screening pursuant to 28 U.S.C. § 1915(e), the complaint is DISMISSED. Because this is an initial complaint, and because it is distinct from the allegations in the prior lawsuits, this dismissal is entered without prejudice to amendment within 30 days.

Dated:  June 24, 2022

/s/ Kevin McNulty

_____

**HON. KEVIN MCNULTY**
**United States District Judge**